UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 12-150-C**

**TRANSTEX COMPOSITE, INC.,**                                                              **PLAINTIFF,**

**V.**                       **MEMORANDUM OPINION AND ORDER**

**LAYDON COMPOSITES, LTD,**                                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of Transtex Composite, Inc., for judgment on the pleadings and motion to strike (R. 25). Transtex moves for judgment on the pleadings with regard to Laydon's inequitable conduct claims, on the ground that Laydon's assertions are insufficient to support a claim of inequitable conduct as a matter of law. Transtex also moves the court to strike Laydon's first affirmative defense, that Transtex's complaint fails to set forth a claim upon which relief can be granted, on the ground that it is a conclusory statement. Because Laydon's inequitable conduct claims and first affirmative defense are properly pled pursuant to the Federal Rules of Civil Procedure and the applicable standards, the court will deny Transtex's motions.

Laydon's inequitable conduct claim is pled with sufficient particularity to survive Transtex's motion for judgment on the pleadings. The court considers a Rule 12(c) motion under the same standards as a motion under FED. R. CIV. P. 12(b)(6): Laydon must include in its pleading "factual content that allows the court to draw the reasonable inference that [Transtex] is liable for the misconduct

1

alleged." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Furthermore, a claim of inequitable conduct must be pled with particularity pursuant to FED. R. CIV. P. 9(b):

> [T]o plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent & Trademark Office ("PTO")]. Moreover, although "knowledge" and "intent" may be avowed generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information . . ., and (2) withheld . . . this information with a specific intent to deceive the PTO.

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-1329.

In its answer and counterclaim, Laydon sufficiently asserts a claim of inequitable conduct against Transtex. It asserts that Mathieu Boivin, the named inventor on Transtex's '475 and '468 patents, was aware of Laydon's Classic trailer skirt prior to filing his applications, and that so knowing he intentionally failed to disclose to the PTO that the Classic trailer skirt utilizes a resilient strut. Laydon further asserts that but for that omission, the PTO would not have granted the '475 and '468 patents that are grounded on Transtex's resilient struts. The court accepts these well-pleaded material allegations of the non-movant as true for purposes of the present motion, and under these facts, Transtex is not clearly entitled to judgment, *see Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008), and is sufficiently notified of the grounds for Laydon's claims.

In considering a judgment on the pleadings, even under this highly specific and heightened pleading standard, the court determines only whether Transtex is

given sufficient notice of the basis for Laydon's inequitable conduct claims, and may not weigh the merits of those claims. *See Somanetics Corp. v. CAS Med. Sys. Inc.*, No. 09-131110, 2010 WL 2178836, \*4 (E.D. Mich. May 26, 2010); *Bayer Cropsciences AG v. Dow Agrosciences LLC*, No. 10-1045, 2012 WL 1253047, \*3 (D. Del. Apr. 12, 2012). For instance, the court does not determine, for purposes of the present motion, whether Laydon's Classic trailer skirt features a resilient strut, or whether the Classic trailer skirt was material to Transtex's patent applications. That the court has determined, in the context of denying Transtex's motion for preliminary injunction, that Laydon's Classic skirt is not resilient does not control, *see Transonic Sys., Inc., v. Non-Invasive Med. Tech. Corp.*, 75 Fed App'x 765, 774 (Fed. Cir. 2003), nor does it even factor into the analysis required in this context. Transtex's argument that the court should hold Laydon's pleadings to the merits standard announced in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011)(en banc) would require the court to inappropriately apply a summary judgment standard – the court cannot determine at this stage, without reaching the merits of the claims, whether Transtex's patents would not have been allowed but for its alleged withholding of Laydon's Classic skirt from the PTO. Accordingly, utilizing the proper standard, Laydon has pled sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *HDC, LLC* at 611, and those allegations are pled with sufficient particularity to meet the heightened pleading standards of Rule 9(b) pursuant to *Exergen*. Thus, the court will deny

Transtex's motion for judgment on the pleadings as to Laydon's inequitable conduct claims.

With regard to Transtex's second motion, the court will not strike Laydon's affirmative defense that Transtex's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2) expressly authorizes a party to include such a defense in a pleading. *See Dynasty Apparel Indus. Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002). That statement in Laydon's answer gives Transtex fair notice of Laydon's affirmative defense, and Transtex has not argued, other than in a conclusory manner, that it will suffer prejudice if the defense is allowed to stand. The court will therefore not strike the defense.

Accordingly,

**IT IS ORDERED** that Transtex's motions (R. 25) are **DENIED**.

Signed on December 3, 2012

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

4